# UNITED STATES DISTRICT COURT
# OF FEDERAL CLAIMS

| | |
|---|---|
| EUGENE KIGHT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | No. 09-725 |
| ) | (Judge Firestone) |
| THE UNITED STATES, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the United States Courts of Federal Claims ("RCFC"), Defendant, the United States, requests that the Court dismiss Eugene Kight's complaint for lack of subject matter jurisdiction. Plaintiff concedes this Honorable Court lacks subject matter jurisdiction and requests the Court transfer his complaint to the United States Court for the District of Columbia.

## STATEMENT OF THE CASE

Plaintiff, Eugene Kight, served in the Army infantry from March 13, 1995, to March 29, 1996. (Mot. at 1). During that year, Mr. Kight was charged with several instances of misconduct, including six violations of the Uniform Code of Military Justice. (Compl. ¶ 17). In March 1996, Mr. Kight was discharged from the Army under other than honorable conditions. (Mot. at 1).

After his discharge, Mr. Kight submitted an application to the Army Board for Correction of Military Records (*hereinafter* "ABCMR"), requesting that his discharge be upgraded to a discharge under honorable conditions. (Mot. at 2). That request was denied on April 8, 1998. (Mot. at 2). Mr. Kight reapplied to the ABCMR in 2009, and that request was denied on June 8, 2009. (Mot. at 2). Mr.

Kight then filed this action seeking judgment from the Court declaring that the ABCMR's decision was arbitrary and capricious. (Mot. at 2).

## ARGUMENT

Pursuant to Rule 12(b)(1) of the United States Courts of Federal Claims ("RCFC"), Defendant, the United States, requests that the Court dismiss Eugene Kight's complaint for lack of subject matter jurisdiction. Plaintiff concedes his complaint lacks subject matter jurisdiction in this Court for failure to plead a money mandating statute. As such, Plaintiff requests that, pursuant to 28 U.S.C. § 1631, the Court transfer his complaint to the United States Court for the District of Columbia.

Decisions of military boards for correction of military records "are subject to review [in district courts] under § 706 of the [APA]." Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir. 1997). Thus, the Plaintiff's claim can be properly heard by a district court. See Doe v. United States (Doe), 372 F.3d 1308, 1312 (Fed. Cir. 2004) (citing Bowen v. Massachusetts, 487 U.S. 879, 891-92 (1988)) ("Congress has also waived sovereign immunity for cases encompassed within the judicial review provisions of the APA, 5 U.S.C. §§ 701-706."); McNabb, 54 Fed. Cl. at 767 (noting that district courts, and not the Court of Federal Claims, have APA jurisdiction).

28 U.S.C. § 1631 provides that "[w]henever a civil action is filed in a court...including a petition for review of an administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action could have been brought at the time it was filed or noticed..." Plaintiff now concedes that his Complaint is a petition for review of an administrative action and is likely to be found in want of jurisdiction in this Court. It is in the interest of justice that this Court should transfer his Complaint to the United States Court for the District of Columbia: Inter alia, Plaintiff claims that Defendant violated the Administrative Procedure Act (APA),

5 U.S.C. §§ 701-706 (2006), by the Secretary failing to consider his application despite new arguments and evidence having been brought forth. (Compl. ¶ 28).

The term "interest of justice" contained in section 1631 "is vague, [and] district courts have a good deal of discretion in deciding whether to transfer a case." Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999). The court should transfer Plaintiff's Complaint because plaintiff's claim is non-frivolous, has merit, and it would thus be in the interest of justice to allow plaintiff to pursue his claim in the Court of proper jurisdiction. See United States v. County of Cook, 170 F.3d 1084, 1088 (Fed. Cir. 1999) (allowing transfer of some of the claims and not others).

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that, pursuant to 28 U.S.C. § 1631, the Court transfer his complaint to the United States Court for the District of Columbia.

Respectively Submitted,


LAW OFFICE OF MICHAEL D.J. EISENBERG
ATTORNEY AND COUNSELOR AT LAW

_____
Michael D.J. Eisenberg
700 12th Street, NW; Suite 700
Washington, DC  20005
O:  (202) 558-6371/F:  (202) 403-3430
michael@eisenberg-lawoffice.com
Counsel for Eugene M. Kight